IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00380-MR-WCM

| | |
|---|---|
| WILLIE WATKINS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COMMISSIONER OF THE SOCIAL ) <br> SECURITY ADMINISTRATION, ) <br> ) <br> Defendant. ) <br> _____ ) | MEMORANDUM AND <br> RECOMMENDATION |

This matter is before the Court on the parties' cross motions for summary judgment (Docs. 14, 17), which have been referred to the undersigned pursuant to 28 U.S.C. § 636 for the entry of a recommendation.

I.     **Procedural Background**

In January of 2018, Plaintiff Willie Watkins ("Plaintiff") filed applications for disability insurance benefits and supplemental security income, alleging disability beginning on November 28, 2017. Transcript of the Administrative Record ("AR") 160-166; 167-173.

On February 5, 2020, following an administrative hearing at which Plaintiff appeared and testified, an Administrative Law Judge ("ALJ") issued an unfavorable decision. AR 9-25. That decision is the Commissioner's final decision for purposes of this action.

1

## II. The ALJ's Decision

The ALJ found that Plaintiff had the severe impairments of "Charcot-Marie-Tooth (CMT) disease and status post bilateral foot surgeries." AR 15. After determining that Plaintiff's impairments did not meet or medically equal one of the listed impairments, the ALJ found that Plaintiff had the residual functional capacity ("RFC"):

> to perform sedentary work…except the claimant is limited to occasional pushing and pulling with bilateral lower extremities and requires a sit/stand option with alternating intervals of 1 hour to relieve pain/discomfort.

AR 16.

Applying this RFC, the ALJ found that Plaintiff had the ability to perform certain representative jobs that exist in significant numbers in the national economy – specifically the jobs of "document preparer," "addresser," and "appointment clerk" – such that Plaintiff was not disabled during the relevant period. AR 19-20.

## III. Plaintiff's Allegations of Error

Plaintiff argues that the ALJ failed to resolve an apparent conflict between the job of "appointment clerk" and his abilities, and that the other occupations relied upon by the ALJ are obsolete. Additionally, Plaintiff contends that the ALJ erred in his consideration of the opinion of Dr. Stephen Burgess and erred in failing to consider the limiting effects of Plaintiff's

2

obesity. Finally, Plaintiff contends that this matter should be remanded because 42 U.S.C. § 902(a)(3) is unconstitutional.[1]

## IV. Standard of Review

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905. The regulations require the Commissioner to evaluate each claim for benefits using a five-step sequential analysis. 20 C.F.R. §§ 404.1520; 416.920. The burden rests on the claimant through the first four steps to prove disability. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If the claimant is successful at these steps, then the burden shifts to the Commissioner to prove at step five that the claimant can perform other work. Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015); Monroe, 826 F.3d at 180.

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and whether the Commissioner's final decision applies the proper

---

[1] Plaintiff asks the Court to reach this constitutional issue only in the event his other allegations of error do not require remand. See Doc. 19 at 1 ("because the other issues discussed here require remand, this Court should not reach this constitutional issue unless it must").

3

legal standards. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record and based on the correct application of the law. Id.

V. Discussion

A. The Jobs Relied Upon By the ALJ

1. Appointment Clerk

Plaintiff argues that the job of appointment clerk is a "semi-skilled sedentary occupation," and that this occupation is unavailable to Plaintiff because the ALJ limited him to the "the unskilled sedentary occupation base." Doc. 15 at 15; see also Dictionary of Occupational Titles, DICOT 237.367-010 (G.P.O.), 1991 WL 672185; AR at 50 (vocational expert's testimony describing appointment clerk job as semiskilled). In support of that argument, Plaintiff points out that the ALJ found that Plaintiff was unable to perform his past relevant work as either a cart attendant/bagger or cashier, both of which were "unskilled" jobs. Doc. 15 at 15; AR 19.

Plaintiff's RFC, however, did not limit Plaintiff to unskilled work.

4

In addition, while the ALJ did conclude that Plaintiff was unable to perform his past occupations, it appears that this finding was based on the exertional level, and not the skill level, associated with those jobs. That is, Plaintiff's previous occupations required "medium" and "light" exertion, respectively, while the ALJ found that Plaintiff was now limited to "sedentary" work. See Dictionary of Occupational Titles, DICOT 920.687-014 (G.P.O.), 1991 WL 687964 (Bagger; requiring strength to perform medium work); DICOT 211.462-014 (G.P.O.), 1991 WL 671841 (Cashier-Checker; requiring strength to perform light work).

### 2. Jobs of Addresser and Document Preparer

"A decision finding a claimant not disabled based on his ability to perform work that no longer exists in the national economy is not supported by substantial evidence." Abernathy v. Saul, No. 3:20cv213-GCM, 2021 WL 1734353, at *3 (W.D.N.C. May 3, 2021).

In this case, Plaintiff contends that the jobs of addresser and document preparer are obsolete.

"While the DOT is not conclusive of the job's existence in the national economy, it raises a presumption that the job exists." Sturdivant v. Saul, No. 3:18-CV-00301-KDB, 2019 WL 6307416, at *6 (W.D.N.C. Nov. 22, 2019). With respect to the jobs of addresser and document preparer in particular, courts have reached different conclusions as to whether these jobs are obsolete. See

5

Bolick v. Berryhill, No. 5:16-cv-224-GCM, 2018 WL 4107999, at *4 (W.D.N.C. Aug. 29, 2018) (ALJ did not err in relying on VE's testimony with respect to the job of addresser where plaintiff argued such job was obsolete based on a review study conducted in 2011 Social Security Administration which mentioned that the position "might be obsolete" and the Administration had not "promulgated any regulations removing this position from use by vocational experts"); Burney v. Berryhill, 276 F.Supp.3d 496, 500 (E.D.N.C. 2017) (job of addresser "appear[ed] to be obsolete"); Williams v. Berryhill, No. 5:18-CV-214-FL, 2019 WL 2970850 (E.D.N.C. April 29, 2019) (explaining that even assuming job of addresser was obsolete, ALJ was entitled to rely on vocational expert's testimony regarding the availability of the job of document preparer, and that to the extent claimant argued that the Dictionary of Occupational Titles was unreliable due to its age, such policy argument was more appropriately considered by the Commissioner, rather than the court); Czpsnowski v. Commissioner, Social Security, No. RDB–13–1467, 2014 WL 1660083 (D. Md. April 23, 2014) (document preparer may be obsolete); see also Alaura v. Colvin, 797 F.3d 503, 507 (7th Cir. 2015) (questioning whether job of addresser was obsolete); Corey S. v. Commissioner of Social Security, No. 5:20-CV-0678, 2021 WL 2935917, at *11 (N.D.N.Y. July 13, 2021) (stating that the position of document preparer "is increasingly recognized as obsolete"); McFarland v. Commissioner of Social Security, No. 1:16 CV 308, 2017 WL

1165945, at * 6 (N.D. Ohio March 29, 2017) (finding that vocational expert sufficiently explained continued availability of the job of document preparer).

Even if these jobs are obsolete, though, Plaintiff does not argue that the job of appointment clerk is obsolete. See Applefeld v. Commissioner, Social Security Administration, No. SAG-17-517, 2018 WL 1136571, at *5, n. 1 (D. Md. March 1, 2018) (noting that the job of photocopy machine operator was obsolete but that this was not a basis for remand because the vocational expert testified to the availability of another job which did not appear to be outdated).

### B. Dr. Burgess' Opinion

Plaintiff also argues that the ALJ failed to consider properly the opinion of Dr. Stephen Burgess, an internal medicine consultant who examined Plaintiff on January 10, 2019 and issued a report dated January 14, 2019. AR at 402-406. Dr. Burgess concluded that Plaintiff's "ability to perform work-related activities such as bending, stooping, lifting, walking, crawling, squatting, carrying, traveling, pushing and pulling heavy objects, as well as the ability to hear or speak, appears to be mildly to moderately impaired…." AR 405. Dr. Burgess additionally noted that Plaintiff "continues to have difficulty being up on his feet even for short periods of time." Id.

For applications filed on or after March 27, 2017, such as Plaintiff's, the Administration has "fundamentally changed how adjudicators assess opinion evidence." Bright v. Saul, 1:19CV504, 2020 WL 4483008, at *2 (M.D.N.C. Aug.

7

4, 2020) (citing 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017); 20 C.F.R. §404.1520c(a) (effective March 27, 2017)). Specifically, "longstanding requirements calling for adjudicators to weigh medical opinions and give special deference to treating source opinions have changed" and an ALJ is now required to "consider and articulate in the administrative decision how persuasive he or she finds each medical opinion…" Id.

"In evaluating persuasiveness, the ALJ must articulate two factors: supportability and consistency. Supportability is an internal check that references objective medical evidence and supporting explanations that come from the source itself. Consistency is an external check that references evidence from other medical and nonmedical sources." Id. (internal citations omitted).

Here, the ALJ found Dr. Burgess' opinion "somewhat persuasive," and explained that although Dr. Burgess "assessed that [Plaintiff] would be mildly to moderately impaired in activities like lifting, walking, crawling, squatting, and pushing and pulling," Dr. Burgess "did not give specific limitations in vocational terms for these activities." AR at 19.

Although Plaintiff takes issue with the ALJ's statement that Dr. Burgess failed to put Plaintiff's physical limitations in vocational terms, Plaintiff has not explained how an RFC limiting Plaintiff to sedentary work with occasional pushing and pulling using his bilateral lower extremities and the ability to

8

alternate between sitting and standing is inconsistent with Dr. Burgess' opinion. See AR 402 (Dr. Burgess' recitation of Plaintiff's history of present illness, noting Plaintiff "indicates that he is okay sitting as long as he can stretch his legs out or move them around but walking is also limited often less than 10 minutes"); AR 403 (Dr. Burgess' observation that Plaintiff "appears comfortable in the sitting and supine position").

Plaintiff is correct that the ALJ did not specifically acknowledge Dr. Burgess' statement that Plaintiff is mildly to moderately impaired in his ability to hear or speak.

The undersigned is not persuaded, however, that this omission is material. First, Dr. Burgess also observed that Plaintiff's "hearing appears to be adequate for normal conversation" and that Plaintiff appeared to be a "reliable historian" at the examination. AR 403 & 402. In addition, Plaintiff was asked during the administrative hearing whether he had any issues with his vision or hearing. See AR 46. In response to that question, Plaintiff stated only that he had some loss of vision in his right eye; he did not state that he had any hearing problems. AR 47.

### C. Obesity

Plaintiff also argues that the ALJ's failure to evaluate his obesity requires remand.

Although obesity is no longer a listed impairment, Social Security Ruling

02-1p requires consideration of obesity throughout the sequential analysis. SSR 02-1p, 2002 WL 34686281. That is, generally "[t]he ALJ must evaluate a claimant's obesity at every step of the sequential evaluation." Henson v. Berryhill, No. 1:15-cv-123-RJC, 2017 WL 5195882, at *4 (W.D.N.C. Nov. 9, 2017) (citing, *inter alia*, SSR 02-1p, 2002 WL 34686281).

However, courts have excused an ALJ's failure to discuss obesity in some contexts. See Greer v. Colvin, No. 1:16-cv-397-DSC, 2017 WL 3090275, at *2 (W.D.N.C. July 20, 2017) (rejecting plaintiff's argument that the ALJ erred by failing to evaluate obesity where medical records did not indicate any functional limitations "caused or aggravated by Plaintiff's weight" and plaintiff did not identify any weight-related issues when asked why she was unable to work); Henson, 2002 WL 34686281 at *5 (ALJ's failure to mention a claimant's obesity was excused because the claimant failed to list obesity in her application for disability benefits and, critically, the ALJ relied on medical records that adequately portrayed claimant's obesity); Barnes v. Astrue, No. 1:11CV285-MR-DSC, 2012 WL 5457348, at *3 (W.D.N.C. Oct. 16, 2012) ("No medical provider has ever treated Plaintiff for obesity. The record does not establish any functional limitations caused by her obesity that are not accounted for in the assessed RFC").

Here, Plaintiff did not list obesity as a condition that limits his ability to work and did not testify about any obesity-related limitations during the

10

hearing before the ALJ. See AR 72; AR 210; AR 27-52. Plaintiff does not point to any medical record treating or referencing Plaintiff's obesity but instead contends that his height and weight, as noted on Dr. Burgess' January 2019 report, "results in a Body Mass Index (BMI) of 31.7," which translates to "Level 1 obesity." Doc. 15 at 26; see also AR 403.

"Plaintiff has the burden of showing that the ALJ failed to address evidence in the record indicating limitations resulting from [his] obesity." Barnes, 2012 WL 5457348, at *3 (citing Cosom v. Astrue, 11-294, 2012 WL 1898921, at *4 (W.D.N.C. Feb. 23, 2012)). Plaintiff does not point to any specific functional limitations that he believes the ALJ should have included in his RFC and otherwise has not carried his burden in this respect.

### D. Plaintiff's Constitutional Challenge

42 U.S.C. § 902(a)(3) provides that the "[a]n individual serving in the office of Commissioner [of the Social Security Administration] may be removed from office only pursuant to a finding by the President of neglect of duty or malfeasance in office." Plaintiff argues that this removal provision is unconstitutional, and therefore the ALJ's decision is "constitutionally defective." Specifically, Plaintiff reasons that this statutory restriction on the President's ability to remove the Commissioner violates the separation of powers, and therefore the Commissioner was unconstitutionally appointed

11

such that the Commissioner's delegation of authority to the ALJ and Appeals Council is similarly unconstitutional.[2]

In support of this argument, Plaintiff relies on Collins v. Yellen, 141 S.Ct. 1761, 210 L.Ed.2d 432 (2021) and Seila Law, LLC v. Consumer Financial Protection Bureau, 140 S.Ct. 2183, 207 L.Ed.2d 494 (2020), in which the United States Supreme Court found that statutory tenure protection provisions violated separation of powers principles. See Collins, 141 S.Ct. at 1783 ("for cause" restriction on the President's power to remove the Director of the Federal Housing Finance Agency, as set forth in the Housing and Economic Recovery Act of 2008 (Recovery Act), 122 Stat. 2654, 12 U.S.C. § 4501 et seq., violates the separation of powers); Seila Law, 140 S.Ct. at 2197 (Congress could not limit the President's power to remove the Director of the Consumer Financial Protection Bureau to instances of "inefficiency, neglect, or malfeasance").

---

[2] The parties appear to disagree as to the relevant timing for this analysis. Plaintiff states that an ALJ and the Appeals Council act with the authority of "whoever is Commissioner when they act, regardless of who was Commissioner when they were appointed," and therefore the ALJ and Appeals Council here "derived their authority from then-Commissioner Andrew Saul." Doc. 19 at 2; Doc. 15 at 5. In contrast, the Commissioner states that the ALJ who adjudicated Plaintiff's claim "held office under an appointment legally ratified…by then-Acting Commissioner Berryhill." Doc. 18 at 9. At least one court in this district has suggested that a "removal restriction" argument "is likely not even applicable" with respect to actions taken by (or through) an Acting Commissioner. Boger v. Kijakazi, No. 1:20-cv-00331-KDB, 2021 WL 5023141, at *3, n.4 (W.D.N.C. Oct. 28, 2021) (explaining that an *acting* commissioner may be removed at the President's discretion).

In response to these decisions, the Office of Legal Counsel issued a Memorandum Opinion for the Deputy Counsel to the President which concluded that the President may remove the Commissioner of Social Security at will and that the statutory removal restriction in 42 U.S.C. § 902(a)(3) is unenforceable. See 2021 WL 2981542 (O.L.C.); see also Doc. 15-2.

Here, the Commissioner agrees that 42 U.S.C. § 902(a)(3) "violates the separation of powers to the extent it is construed as limiting the President's authority to remove the Commissioner without cause." Doc. 18 at 5. The parties disagree, however, as to the effect of the unenforceability of § 902(a)(3) on the ALJ's decision here.

As one court in this district recently explained:

> In Collins v. Yellen, 141 S. Ct. 1761 (2021), the Supreme Court recently held that where an unconstitutional statutory removal restriction exists, a plaintiff seeking relief on that basis must show that the restriction caused his alleged harm. The Collins Court reasoned that the relevant agency officials were "properly appointed" pursuant to a statute that exhibited "no constitutional defect in the ... method of appointment" and that "the unlawfulness of [a] removal provision" does not strip [an official] of the power to undertake the other responsibilities of his office[.]" The Court continued that "there is no reason to regard any of the actions taken" by the agency during this period "as void." Id. at 1787, 1788 n.23.
>
> Osborne v. Kijakazi, 5:21-cv-9-MOC, 2021 WL 5890668, at *3 (W.N.D.C. Dec. 13, 2021).

13

Here, Plaintiff asserts that the "unconstitutional nature of Saul's appointment directly impacts disability determinations" and therefore the ALJ had "no authority to decide the case." Doc. 15 at 7. However, this argument confuses potential problems concerning the process by which an official is appointed with potential problems regarding the manner by which the official may subsequently be removed. See Lucia v. SEC, 138 S.Ct. 2044 (2018); Hutchens v. Kijakazi, No. 1:20CV1124, 2021 WL 5834409, at *11 (M.D.N.C. Dec. 9, 2021), recommendation adopted (M.D.N.C. Jan. 5, 2022) ("Unlike Appointments Clause cases, where courts have found the very authority under which a government official has acted unconstitutional…the unconstitutional removal provision at issue here did not impact then-Commissioner Saul's ability to carry out the duties of his office") (internal citations omitted); Lisa Y. v. Commissioner of Social Security, No. C21-5207-BAT, ---F.Supp.3d.---, 2021 WL 5177363 at *7 (W.D. Wash. Nov. 8, 2021) (explaining that the Supreme Court in Collins rejected the argument that an invalid removal provision rendered the agency's actions void from the outset).

Plaintiff additionally argues that constitutional harm is "presumed without the need for causation in claims involving the violation of the separation of powers" and that "the reasons for Saul's firing showed the possibility of compensable harm." Doc. 19 at 2. Courts have rejected these arguments, though. See Helms v. Commissioner of Social Security, No. 3:20-

cv-589-MOC, 2021 WL 5710096, at *2 (W.D.N.C. Dec. 1, 2021) (explaining that "the examples provided by the Supreme Court in Collins of situations in which a plaintiff was actually harmed by an unconstitutional removal protection provision suggest that the bar is quite high"); Brand v. Kijakazi, No. 2:20-cv-02219-NJK, ---F.Supp.3d---, 2021 WL 5868131, at *6 (D. Nev. Dec. 10, 2021) (rejecting plaintiff's argument that President Biden's statements regarding Saul's firing evidenced a "strong possibility" of harm as "too conclusory, speculative, and attenuated").

Accordingly, the undersigned will not recommend remand on this basis. See Osborne, 2021 WL 5890668, at *4 (rejecting argument that ALJ's decision was constitutionally defective because plaintiff offered "no evidence to show that there [was] a nexus between the unconstitutional removal restriction and the denial of his application for disability benefits. Plaintiff simply argue[d] that all actions taken by the Commissioner – and in turn his appointed ALJ's – are void due to the unconstitutional removal provision. However, Collins expressly rejected this view"); Boger, 2021 WL 5023141, at *3 (same); Helms, 2021 WL 5710096, at *3 ("The Court finds that it is implausible that the Commissioner's protection from removal from office, whether constitutional or not, could have affected ALJ Goodson's decision or any other aspect of the administrative litigation in a material way"); Shelton v. Kijakazi, No. 1:21CV43-GCM, 2022 WL 130981, at *3 (W.D.N.C. Jan. 13, 2022) ("Plaintiff

15

herein offers no evidence to demonstrate a nexus between Section 902(a)(3)'s removal restriction and the denial of his benefits claim").[3]

## VI. Recommendation

The undersigned respectfully **RECOMMENDS** that Plaintiff's Motion for Summary Judgment (Doc. 14) be **DENIED**, and that the Commissioner's Motion for Summary Judgment (Doc. 17) be **GRANTED.**

Signed: January 21, 2022

W. Carleton Metcalf
United States Magistrate Judge

---

[3] Considering the authorities discussed herein, the undersigned does not believe it is necessary to reach the Commissioner's remaining constitutional arguments. See Doc. 18 at 14-21.

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).