THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00380-MR-WCM

| | |
|---|---|
| WILLIE WATKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| KILOLOL KIJAKAZI, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 14]; the Defendant's Motion for Summary Judgment [Doc. 17]; the Magistrate Judge's Memorandum and Recommendation regarding the disposition of those motions [Doc. 20]; and the Plaintiff's Objections to the Memorandum and Recommendation [Doc. 21].

Pursuant to 28 U.S.C. § 636(b) and a specific Order of referral of the District Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider these pending motions in the above-

captioned action and to submit to this Court a recommendation for the disposition of these motions.

On January 21, 2022, the Magistrate Judge entered a Memorandum and Recommendation [Doc. 20], recommending that this Court affirm the final decision of the Commissioner of Social Security denying the Plaintiff's claim for disability insurance benefits and supplemental security income. [Doc. 20]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. The Plaintiff timely filed Objections on February 4, 2022. [Doc. 21].

In his Objections, the Plaintiff argues, *inter alia*, that the Magistrate Judge erred in concluding that the Plaintiff could not show harm from the violation of his constitutional rights. [Doc. 21 at 7-10]. Relying upon the recent Supreme Court decisions of <u>Seila Law, LLC v. Consumer Financial Protection Bureau</u>, 140 S. Ct. 2183 (2020) and <u>Collins v. Yellen</u>, 141 S. Ct. 1761 (2021), the Plaintiff had argued before the Magistrate Judge that limitations on the President's authority to remove a Social Security Commissioner set forth in 42 U.S.C. § 902(a)(3) violated the separation of powers. [Doc. 15 at 5-8]. The Magistrate Judge rejected the Plaintiff's argument, concluding that the Plaintiff was required to demonstrate a nexus

between the unconstitutional removal restriction and the denial of his claim for disability benefits, but that the Plaintiff had failed to do so. [Doc. 20 at 15-16]. While the Plaintiff argued that harm could be presumed from the constitutional violation itself, [Doc. 15 at 5-8], the Magistrate Judge concluded otherwise, citing several decisions rejecting similar arguments [Doc. 20 at 14-16].

In his Objections, the Plaintiff raises an entirely new constitutional issue citing a case he never previously cited—Free Enterprise Fund v. Public Company Accounting Oversight Bd., 561 U.S. 477 (2010)—as well as statutes governing the removal of administrative law judges, 5 U.S.C. § 7521(a)-(b). [Doc. 21 at 7-10]. The Plaintiff argues that the so-called "dual-layer protection" provided by these statutory provisions is unconstitutional and caused him harm. [Id. at 7].

The Plaintiff never raised this "dual-layer protection" issue before the Magistrate Judge. As such, the Plaintiff's Objections in this regard are improper and are overruled. See, e.g., Hubbard v. Stirling, No. 8:19-cv-01314-SAL, 2020 WL 5249231, at *2 (D.S.C. Sept. 3, 2020) ("Because Defendants' objections raise entirely new issues rather than new arguments, they are overruled").

3

After careful consideration of the Magistrate Judge's Memorandum and Recommendation [Doc. 20] and the Plaintiff's Objections thereto [Doc. 21], the Court finds that the Magistrate Judge's proposed findings of fact are correct and that his proposed conclusions of law are consistent with current case law. Accordingly, the Court hereby overrules the Plaintiff's Objections and accepts the Magistrate Judge's recommendation that the Commissioner's decision should be affirmed.

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation [Doc. 20] is **ACCEPTED**; the Plaintiff's Objections thereto [Doc. 21] are **OVERRULED**; the Plaintiff's Motion for Summary Judgment [Doc. 14] is **DENIED**; the Defendant's Motion for Summary Judgment [Doc. 17] is **GRANTED**; and the decision of the Commissioner is hereby **AFFIRMED**. This case is hereby **DISMISSED**.

A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: March 17, 2022

Martin Reidinger
Chief United States District Judge